IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THOMAS LEE STONE                                                                   PLAINTIFF

v.                      Civil No. 06-2143

SHERIFF MIKE ALLEN;
and CHARLES WALL                                              DEFENDANTS

## **ORDER**

On November 27, 2006, defendants filed a motion to compel answers to discovery requests (Doc. 16). Defendants state they propounded interrogatories and requests for production of documents to the plaintiff on October 13, 2006. To date, defendants state they have not received plaintiff's responses or any communication from the plaintiff regarding his responses.

Under the Federal Rules of Civil Procedure, plaintiff had thirty (30) days to respond to the discovery requests. Fed. R. Civ. P. 33(b)(3) & 34(b). On November 29, 2006, the plaintiff filed a motion for appointment of counsel (Doc. 18). In his motion for appointment of counsel, plaintiff requests an extension of time to respond to the discovery requests.

Accordingly, defendants' motion to compel is denied as moot. Plaintiff's request for an extension of time is granted. Plaintiff is given until **5:00 p.m. on December 18, 2006,** to provide the defendants with the discovery responses**.**

On November 27, 2006, the defendants also filed a motion for an extension of time to file their court-ordered summary judgment motion (Doc. 17). In the motion, defendants indicate they need the discovery responses from the plaintiff before they can prepare and file the summary judgment motion. The motion for an extension of time is granted.

-1-

The defendants are given until **January 18, 2007**, to file their summary judgment motion. Once the summary judgment motion is filed, the court will prepare a questionnaire to assist the plaintiff in responding to the motion. For this reason, plaintiff is directed not to respond to the motion for summary judgment until so ordered by the court.

The plaintiff proceeds in this action pro se and *in forma pauperis*. On November 29, 2006, the plaintiff filed a motion for appointment of counsel (Doc. 18). In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (quoting, *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d

AO72A
(Rev. 8/82)

538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In his motion, plaintiff states he has an eighth grade education. Due to the complex nature of the case and the involved discovery propounded by defendants, plaintiff asks that counsel be appointed to assist him.

The motion for appointment of counsel is denied. Thus far, plaintiff has been able to adequately set forth his claims. The documents filed by plaintiff have been understood by the court. The discovery requests call for information within the knowledge of the plaintiff. When the defendants file their summary judgment motion, the court will assist the plaintiff in responding to the motion by preparing a questionnaire.

IT IS SO ORDERED this 30th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)